## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CEASAR SHANNON                                   CIVIL ACTION

VERSUS                                           15-446-SDD-RLB

WARDEN DARREL VANNOY

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant Warden Darrel Vannoy ("Defendant"). Plaintiff Ceasar Shannon ("Plaintiff"), has filed an *Opposition*[2] to this motion to which Defendant has filed a *Reply*.[3]  For the following reasons, the Court finds that the Defendant's motion should be granted.

## I.    FACTUAL BACKGROUND

Plaintiff is an inmate incarcerated at Dixon Correctional Institute in Jackson, Louisiana.[4]  Plaintiff alleges that there is a hole in the ceiling of his cell that leaks water when it rains, that this hole has been there for over three years, that the Defendant was personally aware of the hole as often large buckets were placed on the floor to catch the leaking water, yet nothing has ever been done to repair this hole.[5]  Plaintiff further alleges

---

[1] Rec. Doc. No. 13.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. No. 18.
[4] Rec. Doc. No. 12, p. 3; Rec. Doc. No. 1, ¶ 4.
[5] Rec. Doc. No. 1, ¶¶ 7- 9.
31839

that, on May 28, 2014, the ceiling leaked onto the floor of his cell due to rain and caused the Plaintiff to slip and fall as he was walking to the bathroom.[6]  Plaintiff contends he has suffered injuries to his back, shoulder, and hip.[7]  Plaintiff has filed this lawsuit advancing claims of negligence and deliberate indifference under the Eighth Amendment and 42 U.S.C. § 1983, arguing that the Defendant's knowledge of this serious risk, and failure to repair said risk, constitutes deliberate indifference and the failure to protect an inmate from an known risk.  The Defendant has filed a *Motion to Dismiss* Plaintiff's *Complaint* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

## II.   LAW AND ANLYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[8]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[10]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[6] *Id.*, ¶¶ 10-11.
[7] *Id.*
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
31839

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]   A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[14]   "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[15]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[16]

### B.  Negligence not actionable under 42 U.S.C. § 1983

To the extent Plaintiff claims that the Defendant is liable under a negligence theory, the law is clear that negligence is not actionable under Section 1983.  The Supreme Court has held that a "slip and fall" negligence claim is not cognizable in a federal civil rights action.   "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[17]  As the United

---

[11]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

[12]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

[13]  *Twombly*, 550 U.S. at 570.

[14]  *Iqbal*, 556 U.S. at 678.

[15]  *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

[16]  *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

[17]  *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

31839

States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'"[18]

The Court finds that Plaintiff's allegations regarding the water on the floor raise nothing more than a negligence claim.[19]  Both the United States Supreme Court and the Fifth Circuit have ruled that "slip and fall" negligence claims are not cognizable under Section 1983.[20]

### C.  Deliberate Indifference to a Dangerous Condition of Confinement

Plaintiff contends he has not pled only negligence claims but has also alleged that the Defendant was deliberately indifferent[21] to a known and serious potential health risk to an inmate in violation of the Eighth Amendment and actionable under Section 1983. Even so, Plaintiff's allegations are insufficient to state a Section 1983 claim under applicable jurisprudence.

"The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...."[22]  Courts utilize a two-part test to determine whether a prisoner has established a "conditions-of-confinement" claim under the Eighth Amendment. The

---

[18] *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir.1983)).

[19] *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Benton v. Grant*, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); *McLaughlin v. Farries*, 122 Fed.Appx. 692 (5th Cir. 2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.).

[20] *See Daniels v. Williams*, 474 U .S. 327 (1986).

[21] Contrary to Defendant's protestations in his *Reply*, Plaintiff clearly claimed deliberate indifference in his *Complaint.*  Rec. Doc. No. 1, ¶¶ 12, 14, 17, 21, & 26.

[22] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

31839

prisoner must show: first, that the deprivation alleged was sufficiently serious; and second, that the prison official possessed a sufficiently culpable state of mind.[23]   With respect to the first component, only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to constitute cruel and unusual punishment.[24]   Thus, "extreme deprivations are required to make out a conditions-of-confinement claim."[25]

In prison conditions cases, the Supreme Court has defined the required state of mind as one of "deliberate indifference to inmate health or safety."[26]   The prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential harm existed.'"[27]   A prison official cannot be found liable under the Eighth Amendment unless the official knows of, and disregards, an "excessive risk" to inmate health or safety.[28]   The second component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities.[29]

In this case, Plaintiff complains that the condition of the leaking water at that the Prison is hazardous to the health and safety of prisoners, and that the Defendant has

---

[23] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719–20 (5th Cir.1999) citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995).
[24] *Farmer*, 114 S.Ct. at 1977 quoting *Rhodes*, 452 U.S. at 347; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999) ("[t]o establish an Eighth Amendment claim, the prisoner must demonstrate*, inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need").
[25] *Davis v. Scott*, 157 F.3d 1003, 1006 (1998).
[26] *Herman*, 238 F.3d at 664 citing *Farmer*, 114 S.Ct. at 1977.
[27] *Herman*, 238 F.3d at 664.
[28] *Maze v. Hargett*, No. 98-60335, 1999 WL 1093469, *4 (5th Cir.1999) citing *Farmer*, 511 U.S. at 837.
[29] *Davis*, 157 F.3d at 1006.
31839

known of the leak, had power to "fix the hole" through which water leaked into Plaintiff's cell, and "did nothing, demonstrating deliberate indifference."[30]   However, these allegations fail to set forth Constitutional claims under the applicable standards.  More specifically, Plaintiff's allegations fail to implicate a sufficiently serious deprivation of minimal life necessities or any basic human need.

Plaintiff's allegations also fail to demonstrate deliberate indifference because the requisite criminal recklessness required for liability is absent.  Rather, "allegations that the jailers do not fix leaks … fall short of establishing an excessive risk to inmate health or safety, and do not establish that jail officials knowingly disregarded any such risk."[31] Moreover, Plaintiff has not sufficiently alleged that the Defendant subjectively intended to cause harm to him or purposefully deprived him of his rights under the Eighth Amendment.[32]

Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.[33]   "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm."[34]   "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent

---

[30] Rec. Doc. No. 1, ¶ 12.

[31] *Tallmore v. Hebert*, No.  07-1220, 2008 WL 2597939 at *4 (W.D. La. May 28, 2008).

[32] *See Means v. Durel*, No. 6:15-0096, 2016 WL 447720 at *7 (W.D. La. Feb. 4, 2016)(citing *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438, 439 (9th Cir. 2008) (affirming dismissal of an inmate slip and fall claim alleging deliberate indifference when jail personnel failed to repair leaks that caused water puddles, which in turn caused the plaintiff to slip and fall); *Banks v. Winn Correctional Center*, No. 09-CV-1139, 2009 WL 5440749, *1-2 (W.D. La. 2009) (dismissing an inmate slip and fall claim where the prison officials knew of a roof leak and had promised to fix it, but never did, thereby allowing water to pool on the floor in which the plaintiff slipped and fell)).

[33] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Farmer*, 114 S.Ct. at 1980.

[34] *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

31839

response to a substantial risk of serious harm"; negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim.[35]

Plaintiff's allegations simply fail to state a claim sufficiently serious to constitute deliberate indifference under the applicable legal standards.

## III.    CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[36] by Defendant Warden Darrel Vannoy is GRANTED.   All federal claims in this matter are hereby DISMISSED with prejudice.   The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice.[37]

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>April 18, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[35] *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001); *Farmer*, 114 S.Ct. at 1978; *see also Doe v. Dallas Independent School District*, 153 F.3d 211, 219 (5th Cir. 1998) (actions which are merely inept, erroneous or negligent do not satisfy the high standard of deliberate indifference.).
[36] Rec. Doc. No. 13.
[37] *See* 28 U.S.C. § 1367.
31839